# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**FERGUSON-KUBLY INDUSTRIAL SERVICES, INC.,**

        **Plaintiff,**

        v.         Case No. 05-C-1208

**CIRCLE ENVIRONMENTAL, INC.,**

        **Defendant.**

## DECISION AND ORDER

On November 17, 2005, the plaintiff Ferguson-Kubly Industrial Services, Inc. ("Ferguson") filed its complaint seeking both an entry of declaratory judgment and injunctive relief. Ferguson's complaint arises out of the threatened termination of a dealership, which Ferguson contends is governed by the Wisconsin Fair Dealership Law ("WFDL"). Ferguson claims that the defendant Circle Environmental, Inc. ("Circle") is attempting to terminate the parties' licensing agreement in violation of their mutual agreement and in contravention of Wisconsin law. (*Id*.)

By Order dated January 18, 2006, the Court granted Ferguson's request for injunctive relief. The Court found that Ferguson was likely to succeed on its claims--pending before an arbitrator--that Circle's threatened termination of the parties' dealership violated the WFDL. The Court's Order stated that the injunction would go into effect when Ferguson

posted a $500 bond pursuant to Rule 65(c) of the Federal Rules of Civil Procedure. The Court explained that the injunction would only remain in effect until the arbitrator decided the claims contained in Ferguson's demand for arbitration filed with the American Arbitration Association on November 18, 2005. Ferguson posted the requisite bond on January 25, 2006.

On January 20, 2006, the Court received Circle's expedited, non-dispositive motion to vacate the injunction as moot. In its motion, Circle explains that it sent Ferguson a letter withdrawing its previously issued termination letter–the spur of the present action. That withdrawal letter was sent via facsimile on the morning of January 18, 2006. The Court's order granting injunctive relief was issued later that same day. Thus, Circle states, the threat of termination ceased to exist before the Court rendered its decision. Ferguson disagrees and argues that the injunction should stand because Circle has failed to discharge its burden of showing that it will not repeat its purportedly wrongful behavior.

First, the Court inquires into the effect of Circle's withdrawal on the pending arbitration and whether that effect should influence the Court's adjudication of Circle's motion to moot. The Court's injunction was to remain in force until the arbitrator could rule on Ferguson's claims. Based on the parties' representations, that arbitration will still proceed. Circle's supporting brief contains a footnote stating that "[b]ecause Ferguson-Kubly's claim in arbitration included a request for money damages, it appears that Circle's rescission of the August 25 notice does not moot the arbitration." (L.R. 7.4 Expedited Non-

2

Dispositive Mot. to Vacate Inj. as Moot ["Mot."] 2 n.1.) Ferguson likewise states that the dispute between the parties has not vanished because the notice of termination was itself a violation of the WFDL and entitles Ferguson to damages. (Pl.'s Response to Def.'s Mot. to Vacate Inj. as Moot 2.)

Though the parties' arbitration will proceed, the Court has not been apprised of the status of Ferguson's request for injunctive relief in the arbitral forum. In other words, the Court does not know whether Ferguson will still seek injunctive relief from the arbitrator. The Court surmises that such relief is no longer possible.

The request for injunctive relief in the demand for arbitration states, in part, that "Circle should be enjoined from terminating the dealership . . . because . . . Circle's attempted notice of termination is defective under the WFDL and violates the terms of the Agreement . . . ." (Aff. of M. Leitner (Docket No. 11) Ex. A, 5.) Thus, the request for injunctive relief in arbitration is specifically linked to Circle's August 25, 2005 notice of termination letter. The arbitrator, however, cannot enjoin Circle from pursuing its originally intended termination when Circle has withdrawn its notice. In other words, the specific conduct prompting the request for arbitral relief no longer exists. And, it would make little sense for the arbitrator to preclude Circle from pursuing lawful terminations of its relationship with Ferguson. This reasoning inclines the Court to grant Circle's request and declare the injunction moot. However, the relief provided by this Court is broader than the specific relief sought before the arbitrator.

3

The Court's exercise of jurisdiction in this action was intended to maintain the status quo until the arbitrator resolved the issues before him or her. The Court, with Ferguson's posting of security, enjoined Circle "from terminating Ferguson's dealership . . . ." (*Ferguson-Kubly Indus. Servs., Inc. v. Circle Envtl., Inc.*, No. 2:05-cv-01208-RTR, slip op. at 21 (E.D. Wis. Jan. 18, 2006).) The Court's order was not qualified; the Court did not enjoin Circle from terminating the parties' relationship only while the termination letter remained a viable threat. Thus, the Court's order, is not limited to the specific effects of Circle's notice-of-termination letter. The Court's order temporarily froze the parties' relationship until arbitration resolves the issues–not only the request for injunctive relief–contained in Ferguson's demand. Nevertheless, even if the Court's order could be narrowly construed as limited to the request for injunctive relief pending before the arbitrator or contingent upon the existence of Circle's termination letter, Circle would fare no better.

Ferguson is correct in its assertion that voluntary behavior rarely moots a case. *Friends of Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000); *Pleasureland Museum, Inc. v. Beutter*, 288 F.3d 988, 999 (7th Cir. 2002). In rare instances, however, "[a] case might become moot if subsequent events made it *absolutely* clear that the allegedly wrongful behavior could not reasonably be expected to recur." *United States v. Concentrated Phosphate Export Ass'n*, 393 U.S. 199, 203 (1968). A party claiming mootness must show that the challenged conduct will not recur in the future. *Pleasureland Museum, Inc.*, 288 F.3d at 999. "The burden of persuasion that such conduct cannot

4

reasonably be expected to reoccur lies with the defendant." *Lucini Italia Co. v. Grappolini*, 288 F.3d 1035, 1038 (7th Cir. 2002).

Circle states that it "took no action to terminate Ferguson-Kubly's dealership after the suit was filed . . . ." (Mot. 2.) Ferguson, however, correctly points out that maintaining the status quo does not speak to the issue of mootness. *Lucini Italia Co.*, 288 F.3d at 1038. More importantly, Circle's motion belies the understanding that it possesses an affirmative burden to persuade the Court that its conduct will not recur. It is *not* Ferguson's burden to convince the Court that Circle is likely to undertake similar wrongful conduct in the future. It is Circle's burden to convince the Court that no recurrence is likely. To carry this burden, Circle must demonstrate that future termination letters will not violate the WFDL or the terms of the parties' agreement.

Circle's efforts to discharge its burden are readily summarized: Circle's motion states that (1) it withdrew its termination letter and (2) there is no reason to believe that the alleged wrong will be repeated. These assertions are insufficient. Circle could have discharged its burden in various ways. For one, it could have acknowledged that its prior conduct violated the WFDL or the parties' agreement. *See Milwaukee Police Ass'n v. Jones*, 192 F.3d 742, 747 (7th Cir. 1999) (taking into consideration defendant's failure to acknowledge the unconstitutionality of his previous behavior). Circle, both in its brief and in the Affidavit of Mark M. Leitner, suggests that future notices of termination would be "different" and not "identical" to the rescinded one. What does that mean? In the future, if Circle sent the exact

5

same termination letter, with only the date modified, it would be true to its word while also likely violating the WFDL. Alternatively, Circle could have acknowledged that the basis for termination cited in its letter (deficient sales) was legally insufficient and averred that it would not attempt to terminate the relationship on that ground again.

Circle essentially tells the Court that, if it does terminate its relationship with Ferguson in the future, it will not use the same termination letter. Circle reads the requirements of establishing mootness too narrowly. It is not enough to say that a party's exact actions will not be repeated. Nor is it enough to say that a particular act or form of conduct giving rise to an action–in this case the termination letter–has been withdrawn or stopped. Yet, Circle hinges its request for relief on these premises. Circle could have done much to convince this Court that the issued injunction was moot. It has failed to carry its burden, however. While Circle has withdrawn its termination letter, it has not made clear that it will not attempt to violate the WFDL or the parties' agreement and sever its relationship with Ferguson in the future. The Court's injunction will remain in effect.

6

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Circle's Local Rule 7.4 Expedited Non-Dispositive Motion to Vacate Injunction as Moot (Docket No. 27) is **DENIED**.

Dated at Milwaukee, Wisconsin this 9th day of February, 2006.

                                  **BY THE COURT**

                              s/ Rudolph T. Randa
                              **Hon. Rudolph T. Randa**
                              **Chief Judge**